■  In the Matter of BARRY M. FARBER, Respondent, v ROBERT S. CARROLL, Respondent-Appellant, and GEORGE L. CLARK, JR., Respondent.—

Judgment (denominated an order), Supreme Court, New York County, entered July 8, 1977, unanimously affirmed, without costs and without disbursements. The parties, candidates for separate public office agreed, somewhat anomalously, to join in one Republican primary petition, with petitioner-respondent Farber being permitted at the same time to enter into a similar arrangement with another person, a rival candidate for the same office sought by respondent-appellant Carroll. As should have been expected, after not too long, Carroll taxed Farber with favoritism toward his rival and a falling-out ensued. For whatever reason, Carroll, who had possession of the collection of signed petitions, refused Farber's demand that they be timely filed, with the board of elections alternative to being delivered to Farber. The instant suit ensued, culminating in an order by Special Term that the petitions be filed. We hold that order to have been properly made, and further that petitioner-respondent never waived the protection of section 330 of the Election Law. The petitions, to the extent that they expressed the desire of enrolled voters to have the designees on the primary ballot, belonged to neither party exclusively, and to allow retention by either party to the detriment of the other would be to frustrate the electoral scheme completely. In the circumstances, the order did not deprive Carroll of any right he possessed to frustrate the filing, for he had no such right, and was well within the discretion and authority of Supreme Court as "such [an] order as justice may require" in these circumstances in respect of a matter within the ambit of section 330 of the Election Law, to wit, "the designation of [a] candidate". Regardless that the order is an effective mandatory injunction, it falls within the clear intendment of section 330, "construed liberally" as its terms require, and constitutes an appropriate exercise of the statute's "summary jurisdiction." Application for leave to appeal to the Court of Appeals is granted. Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.